STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff,

Case Nos. 13-000628-01-FC
Hon. Edward Ewell, Jr.

-v-

HOWARD MCKNIGHT,

Defendant.

OPINION

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
NOV 0 8 2017
BY

I. Introduction

This criminal action is before the Court on a motion for relief from judgment filed by Defendant Howard McKnight. For the reasons more fully explained below, the Court will deny the motion.

II. Facts and Procedural History

On December 31, 2012, Defendant perpetrated various criminal acts on a man and woman when their vehicle became disabled in the City of Detroit after leaving the Motor City Casino. He approached the victims, offered to provide assistance, then robbed them at gunpoint and raped the female victim while holding a gun to her chest. As Defendant was running away from the scene, he fired three gunshots at the victims. Subsequently, a composite sketch of the perpetrator was generated and it was released to the media. An anonymous tip identified Defendant as the perpetrator and, after the sketch was compared to a photograph of Defendant, he was apprehended. While in police custody, Defendant made several incriminating statements to three different police officers, including that he paid the female victim for sex. Defendant was subsequently identified in a corporeal lineup and at a jury trial.

Following the trial, Defendant was convicted of two counts of kidnapping (Counts 1 and 2), MCL 750.349, two counts of armed robbery (Counts 3 and 4), MCL 750.529, first-degree criminal sexual conduct (Count 5), MCL 750.520b(1)(c), two counts of felonious assault (Counts 6 and 7), MCL 750.82, felon in possession of a firearm (felon in possession) (Count 8), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (Count 9), MCL 750.227b.

He was sentenced to 30 to 60 years' imprisonment for each kidnapping conviction, 25 to 60 years' imprisonment for each armed robbery conviction, 30 to 60 years' imprisonment for the criminal sexual assault conviction, 2 to 4 years' imprisonment for each felonious assault conviction, and 1 to 5 years' imprisonment for the felon in possession. He was also sentenced to 2 years' imprisonment for the felony-firearm conviction to be served consecutive with the other sentences. Counts 1, 2, 3 and 4 were to run concurrent to Counts 6 and 7. Counts 6 and 7 were to run concurrent to Count 5. Count 8 was to run concurrent to Counts 1, 2, 3, 4, 5, 6, and 7, and consecutive with Count 5.

Defendant appealed. The Court of Appeals affirmed. *People v McKnight*, unpublished opinion per curiam of the Court of Appeals, issued April 21, 2015 (Docket No. 319979). The Michigan Supreme Court denied Defendant's application for leave to appeal. *People v McKnight*, 497 Mich 971; 859 NW2d 511(2015).

### III. Standard of Review

Subchapter 6.500 of the Michigan Court Rules provides the exclusive procedures for pursuing post appellate relief from a criminal conviction. Significantly, MCR 6.508 delineates

three bars to relief from judgment, only one of which is relevant,[1] namely that relief from judgment may not be granted if the defendant's motion alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under MCR 6.500, unless the defendant demonstrates, in part, actual prejudice from the alleged irregularities that support the claim for relief. MCR 6.508(D)(3). Actual prejudice is defined in MCR 6.508(D)(3)(b) to mean in pertinent part:

> (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
>
> ***
>
> (iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of the effect on the outcome of the case.

MCR 6.508(D) also provides that the defendant has the burden of establishing entitlement to the relief requested, and that the court may waive the good cause requirement of subsection (3)(a) if there is a significant possibility that the defendant is innocent of the crime.

## IV. Analysis

### A. Assistance of Counsel

#### 1. *Walker* Hearing

At the outset, Defendant argues that his right to the effective assistance of counsel was violated. In reviewing Defendant's argument, the Court is mindful that effective assistance of

---

[1] MCR 6.508(D)(1), a court may not grant relief to the defendant if the motion seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal. MCR 6.508(D)(2) specifies that relief from judgment may not be granted if the motion alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under Subchapter 6.500, unless the defendant establishes that a retroactive change in the law has undermined the prior decision. Here, Defendant's judgment of conviction and sentence is not still subject to challenge on appeal, nor does the instant motion allege grounds for relief which were decided against defendant in a prior appeal or proceeding under Subchapter 6.500.

3

counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *People v Seals,* 285 Mich App 1, 17; 776 NW2d 314 (2009). "[C]ounsel's ineffective assistance must be found to have been prejudicial in order to reverse an otherwise valid conviction." *People v Pickens,* 446 Mich. 298, 314; 521 NW2d 797 (1994). A defendant can overcome the presumption by showing that counsel failed to perform an essential duty and that the failure was prejudicial to the defendant, *People v Reinhardt,* 167 Mich App 584, 591; 423 NW2d 275 (1988), or by showing a failure to meet a minimum level of competence, *People v Jenkins,* 99 Mich App 518, 519; 297 NW2d 706 (1980).

Here, Defendant claims that trial counsel provided ineffective assistance by failing to move for a *Walker*[2] hearing to suppress the statements Defendant made while at the police station before he was read his *Miranda*[3] rights. In support, Defendant relies solely on an excerpt from a police investigation report which merely reveals that he was taken into custody after a warrant was issued for a probation violation and was then transported to the police station where he made incriminating statements while a detective was filling out the detainee intake sheet. However, Defendant does not contend that the detective's actions in a custodial environment was a form of interrogation, or that he was coerced into making the statements attributed to him by the police, nor does Defendant allege that any statements were made as a result of questioning by the police after he invoked his right to remain silent.

In light of the lack of evidentiary support for requesting a *Walker* hearing, the Court finds that trial counsel did not perform below an objective level of competence by not moving for one. A review of the record demonstrates that none of the factors usually considered in determining

---

[2] *People v Walker (On Rehearing),* 374 Mich 331, 132 NW2d 87 (1965). The purpose of a *Walker* hearing is to determine the voluntariness of an alleged confession. *Id.* at 336-339.

[3] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966)

4

the voluntariness of statements were present in the instant case. See *People v Tierney*, 266 Mich App 687, 708; 702 NW2d 24 (2005). Defendant had prior experience with the police. There was no evidence that Defendant's age was a consideration. In addition, Defendant has not claimed that he was injured, intoxicated, drugged, or in ill health when he gave his statements, or that he had been deprived of food, sleep, or medical attention, or that he was physically abused or threatened with abuse. *Id*. Thus, there is no evidentiary support that Defendant's statements were involuntary. Given the record, arguing that Defendant's statements were coerced would be a meritless position, and trial counsel cannot be deemed ineffective for failing to advance meritless positions. *People v Mack*, 265 Mich App 122, 130; 695 NW2d 342 (2005).

## 2. Alibi Witnesses

Defendant also asserts that trial counsel provided ineffective assistance because he failed to investigate and call an alibi witness at trial. Defendant's assertion fails for several reasons.

First, Defendant has not shown that trial counsel failed to adequately investigate Defendant's purported alibi defense. In this regard "[t]rial counsel is responsible for preparing, investigating, and presenting all substantial defenses." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). Defense counsel has a duty to undertake reasonable investigations, and any choice to limit an investigation is reasonable "to the extent that reasonable professional judgments support the limitations on investigation." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). The failure to conduct an adequate investigation constitutes ineffective assistance if it undermines the confidence in the outcome of the trial. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

Here, the record is largely silent on whether trial counsel failed to investigate Defendant's alibi defense. Significantly, Defendant has not presented affidavits from those witnesses he

claims would have supported his alibi defense, notably the mother of his child with whom he claims to have been staying when the underlying crimes were committed. While Defendant indicates that at his arraignment, trial counsel stated there would be a defense witness list of 4 to 5 people, but the list was never submitted, the record shows that a defense witness list was in fact filed with one witness listed, namely Johnesha Flemming. Additionally, the Final Pre-Trial Conference Summary discloses that as for witnesses, 2 was the number itemized for the defense. Moreover, the record does not reflect that trial counsel failed to contact or investigate witnesses as Defendant claims. Indeed, it is equally likely that trial counsel interviewed witnesses, and decided not to call them to the stand based on credibility issues or because their testimony would have been inconsistent with the defense. Even assuming the investigation was unreasonable, Defendant does not show that failure to conduct a reasonable investigation undermined the outcome of trial, *id.,* or a reasonable likelihood that the result of the proceedings would have been different but for trial counsel's alleged failing, *People v Nix,* 301 Mich App 195, 207; 836 NW2d 224 (2013). Defendant bears the burden of establishing a factual predicate for his claim, *People v Carbin,* 463 Mich 590, 600; 623 NW2d 884 (2001), and absent affidavits supporting the viability of his proffered defense, the Court is unable to determine that trial counsel's alleged failure to investigate prejudiced Defendant.

Second, trial counsel's failure to file a notice of intent to present an alibi defense did not constitute ineffective assistance of counsel. When an ineffective assistance of counsel claim is premised on counsel's failure to file notice under MCL 768.20(1) and consequent failure to present an alibi witness, the defendant must demonstrate that the witness would have given favorable alibi testimony. *People v Pickens,* 446 Mich 298, 327; 521 NW2d 797 (1994). Again, without affidavits or statements from Defendant's ostensible alibi witnesses, the Court is unable

6

to determine whether their testimony would have supported Defendant's alibi defense. Accordingly, Defendant's claim fails.

Finally, the Court rejects Defendant's claim that his attorney was ineffective for failing to call any alibi witnesses. The decision to call or question witnesses is presumed to be a matter of trial strategy and will only constitute ineffective assistance when it deprives defendant of a substantial defense. *Russell,* 297 Mich App at 716. "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne,* 285 Mich App 181, 190; 774 NW2d 714 (2009). Defendant cannot overcome the presumption that trial counsel employed effective trial strategy by not calling any alibi witnesses. At trial, defense counsel chose to focus on attacking the identification of Defendant. This approach constituted reasonable trial strategy. Further, Defendant cannot show that he was prejudiced in light of the strong evidence presented against him at trial, including eyewitness testimony and corroborating physical evidence.

## B. Sixth Amendment Right to Confrontation

Next, Defendant contends that the admission of police testimony at trial about the anonymous tip identifying him as the perpetrator violated his Sixth Amendment right to confront the witnesses against him and his right to a fair trial.

The United States Constitution and Michigan Constitution guarantee an accused the right to be confronted with the witnesses against him. US Const, Am VI; Const 1963, art 1, § 20; *People v Nunley,* 491 Mich 686, 697; 821 NW2d 642 (2012). The United States Supreme Court has recognized that a primary objective of the Confrontation Clause is to compel witnesses to "stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."

7

*People v Buie*, 285 Mich App 401, 408; 775 NW2d 817 (2009) (citation omitted). A statement by a confidential informant to the authorities generally constitutes a testimonial statement. *People v Chambers*, 277 Mich App 1, 10; 742 NW2d 610 (2007). "However, the Confrontation Clause does not bar the use of out-of-court testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 10–11. A statement offered to show the effect of the out-of-court statement on the hearer does not violate the Confrontation Clause. *Id.* "Specifically, a statement offered to show why police officers acted as they did is not hearsay." *Id.* at 11.

In the instant case, there was police testimony that Defendant was identified as a possible suspect in the crimes on the basis of information provided by an anonymous tip. The testimony was not offered to prove the truth of the information supplied by the tipster. Rather, it was offered to explain why the police identified Defendant as a possible suspect. Since the testimony about the anonymous tip was not offered to establish the truth of the information, its admission did not violate the Confrontation Clause. Furthermore, the Court concludes that, even assuming that the testimony regarding the tip was improper, the error was not outcome determinative in light of the strength of the evidence presented by the prosecution. Indeed, there was a lineup identification by one of the victims. In addition, both victims identified Defendant as the perpetrator at trial, and as noted by the Court of Appeals, "they had extensive interactions with him." *People v McKnight*, slip op at 2. In light of this evidence, the Court finds that the testimony regarding the confidential informant's tip was not outcome determinative.

Defendant also maintains that he was denied the effective assistance of counsel on the ground that trial counsel failed to object to the police testimony about the contents of the anonymous tip because it violated his right to confront the witnesses against him and his right to

8

a fair trial. As indicated above, this testimony did not violate defendant's right to confront the witnesses against him or his right to a fair trial because it was not offered for the truth of the matter asserted. See *Chambers*, 277 Mich App. at 10–11. Insofar as the testimony was proper, trial counsel was not ineffective for failing to object to it. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

## C. Sufficiency of the Evidence

It is Defendant's position that the identification evidence at trial was insufficient to support his convictions. The Court disagrees.

When ascertaining whether sufficient evidence was presented to support a conviction, the Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v. Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich. 392, 400; 614 NW2d 78 (2000). Identity is an essential element in a criminal prosecution, *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008), and the prosecution must prove the identity of the defendant as the perpetrator of the charged offense beyond a reasonable doubt. *People v Kern*, 6 Mich App 406, 409; 149 NW2d 216 (1967). Positive identification by a witness or circumstantial evidence and reasonable inferences arising from it may be sufficient to support a conviction of a crime. *Nowack*, 462 Mich. at 400; *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). The credibility of identification testimony is for the trier of fact to resolve, and the Court will not resolve that issue anew. *Id.*

9

In this case, a composite sketch of the perpetrator was generated, and Defendant was identified in a corporeal lineup as well as at trial. Moreover, the Court of Appeals found that there was "overwhelming evidence" of Defendant's identity. *People v McKnight*, slip op at 2. Viewed in a light most favorable to the prosecution, the Court finds that the evidence was sufficient to enable the jury to conclude that Defendant was the perpetrator beyond a reasonable doubt. Defendant's challenges to the weight and credibility of the victim's identification testimony were matters for the jury to decide and do not affect the sufficiency of the evidence. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). The Court will not interfere with the jury's role of determining issues of weight and credibility. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich. 1201 (1992). Rather, the Court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict. *Nowack*, 462 Mich. at 400. Thus, the evidence was sufficient to support Defendant's convictions.

## D. Exculpatory Evidence

Finally, Defendant asserts that he was denied a fair trial when the prosecutor was allowed to delay in disclosing alleged exculpatory evidence, i.e., a statement made by Jerry Gohlson to the police. Gohlson, an eye witness, lived in the area where the crimes were committed, attended a corporeal lineup which included Defendant, but made no identification. According to Defendant, had the evidence been furnished prior to the day of trial, his defense would have been modified. However, given the "overwhelming evidence" of Defendant's identity, *People v McKnight*, slip op at 2, the Court finds that the delay was not prejudicial nor was Defendant denied a fair trial especially given that Gohlson testified at trial and was subject to questioning by trial counsel.

## V. Conclusion

In order to avoid the bar against granting post judgment relief, a criminal defendant must establish, in part, actual prejudice. MCR 6.508(D)(3)(b). Given the foregoing, the Court finds that Defendant has failed to show actual prejudice and therefore, has not met his burden of demonstrating entitlement to the requested relief. Under the circumstances, Defendant's motion for relief from judgment is denied.

_Edward Ewell_
Circuit Judge

Dated:   NOV - 8 2017.

11

Case 2:19-cv-10516-LVP-MKM   ECF No. 12-20, PageID.1416   Filed 08/26/19   Page 12 of 12

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

                                  Case No. 13-000628-01-FC
                                  Hon. Edward Ewell, Jr.

-v-

HOWARD MCKNIGHT,

    Defendant.

---

## O R D E R

At a session of said Court held in the Coleman A. Young Municipal Center, Detroit, Wayne County, Michigan, on this:

NOV - 8 2017

Present:   Edward Ewell, Jr.
            Circuit Judge

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK

NOV 0 8 2017

BY

The Court being advised in the premises and for the reasons stated in the foregoing Opinion,

**IT IS ORDERED** that Defendant's motion for relief from judgment is **DENIED**.

_Edward Ewell Jr_
Circuit Judge