UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD J. MCKNIGHT,
#687302,

    Petitioner,                                               Civil Action No. 19-CV-10516

vs.                                                            HON. BERNARD A. FRIEDMAN

PATRICK WARREN,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION,
HOLDING THE HABEAS PETITION IN ABEYANCE, STAYING THE
PROCEEDINGS, AND ADMINISTRATIVELY CLOSING THE CASE**

        This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. This matter is presently before the Court on petitioner's motion for reconsideration [docket entry 18] of the Court's denial of his motion to stay the proceedings and to hold his current habeas petition in abeyance while he pursues "newly-discovered evidence." The Court denied that motion because petitioner failed to show that stay and abeyance were warranted under *Rhines v. Weber*, 544 U.S. 269 (2005). Petitioner failed to provide details about his need for a stay (other than saying that he does not currently have access to a legal writer due to the Covid-19 pandemic), explain his delay in investigating/discovering additional evidence or claims, or elaborate on the substance of any new evidence or claims. In his motion for reconsideration, petitioner seeks to renew his stay and abeyance motion with further supporting details.

        The Court may stay a mixed habeas petition, i.e., one containing both exhausted and unexhausted claims, to allow petitioner to present the unexhausted claims to the state courts and then return with a perfected petition. *See Rhines*, 544 U.S. at 276. Stay and abeyance is available only

when petitioner demonstrates good cause for his failure to exhaust state remedies before proceeding in federal court, petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In the present case, petitioner shows the need for a stay. He states that he is investigating newly-discovered DNA evidence and that he intends to pursue collateral review (a second motion for relief from judgment) on claims concerning newly-discovered evidence, the conduct of the prosecutor, and the effectiveness of trial and appellate counsel which have not been presented to the state courts. ECF No. 18, PageID.1643. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss his current habeas petition to allow for further exhaustion of state remedies. Additionally, the new, potentially exculpatory evidence and possible non-disclosure of that evidence and/or ineffectiveness of counsel may provide good cause for his failure to previously exhaust his new claims in the state courts. Such claims do not appear to be plainly meritless and there is no evidence of intentional delay. Respondent has not objected to the stay and abeyance request. Under these circumstances, stay and abeyance is warranted. Accordingly,

IT IS ORDERED that petitioner's motion for reconsideration is granted as follows: The instant petition is stayed and held in abeyance pending petitioner's pursuit of state court remedies as to his unexhausted claims. The stay is conditioned on petitioner returning to this Court to proceed on his current claims or on an amended petition containing his additional, exhausted claims by filing a motion to reopen, using the same caption and case number, within sixty days of the conclusion of his state court proceedings. If petitioner fails to comply with these conditions, the

case may be dismissed. The case is closed for administrative purposes pending compliance with these conditions.

|  |  |
|---|---|
| Dated: March 19, 2021<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 19, 2021.

Howard J. McKnight #687302  
MACOMB CORRECTIONAL FACILITY  
34625 26 MILE ROAD  
NEW HAVEN, MI 48048

s/Johnetta M. Curry-Williams  
Case Manager